UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC L. PATTERSON, | ) | Case No. 1:21-cv-00470 |
| Plaintiff, | ) ) ) | Judge J. Philip Calabrese |
| v. | ) ) | Magistrate Judge Thomas M. Parker |
| UNITED HEALTHCARE INSURANCE COMPANY, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## OPINION AND ORDER

Plaintiff Eric L. Patterson filed a 66-page, 9-count complaint against Defendants UnitedHealthcare Insurance Company, United HealthCare Services, Inc., Optum Group, LLC, Optum, Inc., and Swagelok Company alleging violations of the Employee Retirement Income Security Act of 1974. Plaintiff also names as Defendants a law firm, Kreiner & Peters Co., L.P.A., and two lawyers, Shaun D. Byroads and Daran P. Kiefer. At bottom, Plaintiff alleges that Defendants schemed to commit subrogation and reimbursement fraud against a beneficiary of an ERISA plan Swagelok sponsored. He asserts claims for various breaches of fiduciary duty; fraud, civil conspiracy, and other claims under State law; various federal statutory violations; and a violation of the Racketeer Influenced and Corrupt Organizations Act.

1

## BACKGROUND

This lawsuit arises against the backdrop of contentious State court litigation, which began in 2016 over events that occurred in 2014 and which continues today. Defendants moved to dismiss this case under Rule 12(b)(1) and Rule 12(b)(6). Plaintiff filed a brief in opposition, and Defendants replied. After Defendants replied, Plaintiff moved for leave to file a surreply or, in the alternative, to strike portions of Defendants' reply. (ECF No. 21.) In his argument, Plaintiff maintained that Defendants made various misstatements of fact. In so stating, Plaintiff noted in a footnote that his counsel corresponded with defense counsel on April 23, 2021, "in accordance with Fed.R.Civ.P. 11 and its 'safe harbor' requirement, requesting counsel to correct some of the more blatant misstatements contained in Defendants' Reply." (*Id.*, PageID #568.) Plaintiff attached that correspondence to his motion. (ECF No. 21-1.)

Invoking Rule 11 at its outset, the letter at issue—sent by certified mail and email—begins by directing its recipients to "consider this letter the 'safe harbor' notice for purposes of Rule 11." (*Id.*, PageID #573.) Nonetheless, the letter does not actually enclose or serve a motion for sanctions as the Rule 11 safe harbor requires. *See* Fed. R. Civ. P. 11(c)(2). Instead, the letter details various claimed misstatements. It closes by asserting: "These are not vague or ambiguous statements that are open to interpretation, but are unambiguous factual claims that appear to have been made in an attempt to mislead the Court." (ECF No. 21-1, PageID #574.) It again requested

correction of the statements identified "within 21 days in accordance with Fed.R.Civ.P. 11." (*Id.*)

In response to the filing of the letter, the Court held an in-person hearing on the record on May 13, 2021, at which it ordered Plaintiff's counsel to show cause how attaching his correspondence dated April 23, 2021 to a filing with the Court served a proper purpose as Rule 11 requires, particularly because the safe-harbor period of the rule had not expired at the time Plaintiff filed the letter. In a separate written order, the Court ordered counsel to show cause "why he has not violated Rule 11(b) or should not otherwise be sanctioned under the Court's inherent authority." ([ECF No. 24](#).)

In response, Plaintiff states that the purpose of the letter at issue (ECF No. 21-1) "was to avoid any chance of these misstatements being relied on in a ruling on Defendants' motion to dismiss." (ECF No. 26, PageID #598.) Counsel says he attached the letter because it set forth in detail the alleged misstatements at issue. (*Id.*) He did so to avoid having the Court "think that Plaintiff's claim of misstatements contained in Defendants' Reply . . . was just a bald/baseless assertion." (*Id.*) In short, counsel attached the letter as just another exhibit to support a motion at (or, actually, after) the close of briefing on Defendants' motion to dismiss. (*Id.*, PageID #599.)

## GOVERNING LEGAL STANDARDS

Rule 11 imposes an obligation that every "pleading, written motion, or other paper" submitted to a court, after reasonable inquiry, "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase

3

the cost of litigation." Fed. R. Civ. P. 11(b)(1). In determining whether an attorney or party violates this rule, the Court applies an objective standard of reasonableness. *See Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997) ("In this circuit, the test for imposition of Rule 11 sanctions is whether the attorney's conduct was reasonable under the circumstances.") (citing *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990)). "[A]n attorney's good faith is not a defense." *Jackson v. Law Firm of O'Hara*, 875 F.2d 1224, 1229 (6th Cir. 1989).

The Court "is given wide discretion" to decide what constitutes objective reasonableness under the circumstances. *INVST Fin. Grp. Inc. v. Chem–Nuclear Sys.*, Inc., 815 F.2d 391, 401 (6th Cir. 1987). For a violation of this rule, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Notwithstanding this language, the law of this Circuit mandates imposing sanctions for a violation of Rule 11. "If a district court concludes that Rule 11 has been violated, the court has no discretion and must impose sanctions." *INVST Fin. Grp.*, 815 F.2d at 401.

Beyond Rule 11, a district court has inherent authority to sanction bad-faith conduct. *First Bank v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002) (quoting *Runfola & Assocs. v. Spectrum Reporting II*, 88 F.3d 368, 375 (6th Cir. 1996)). "[F]ederal courts have the inherent power to impose sanctions to prevent the abuse of the judicial process." *Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 502 (N.D. Ohio 2013). Where a party litigates in bad faith or for oppressive reasons, a court may invoke its inherent authority to impose sanctions. *Big Yank Corp. v. Liberty*

*Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). Such sanctions require finding that "the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *Id.* (quoting *Smith v. Detroit Fed'n of Tchrs., Loc. 231*, 829 F.2d 1370, 1375 (6th Cir. 1987)). Although this standard overlaps to some degree with Rule 11, overall it imposes a higher showing for the imposition of sanctions. *See, e.g.*, *BDT Prods. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 752 (6th Cir. 2010).

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Rule 11 precludes filing a motion for sanctions for an alleged violation until the expiration of 21 days after service of the motion. Fed. R. Civ. P. 11(c)(2). This safe harbor affords an attorney the opportunity to correct any improper claim or representation without involving the court and promotes some minimal degree of professionalism. In effect, Plaintiff's counsel defends his action on the technicality that his Rule 11 letter was not actually a Rule 11 letter because, although it twice invoked the safe harbor, it did not serve a motion for sanctions. On this basis, he contends, filing the letter threatening Rule 11 sanctions as an exhibit to another motion does not violate the express terms of Rule 11(b). Instead, attaching the letter to a motion served the salutary and efficient end of advising the Court of misstatements in Defendants' reply brief without having to do so at great length in a surreply or the motion for leave to file one.

Plaintiff's position is too clever by half. Without question, the failure to serve a motion for sanctions constitutes a fatal defect to bringing a motion when the 21-day safe-harbor period expires. *See, e.g.*, *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 767–68 (6th Cir. 2014) (collecting cases). Of course, that is not what happened here. Indeed, the record shows a carefully crafted mirror image of that scenario. That is, Plaintiff's counsel deliberately failed to serve a motion for sanctions with his Rule 11 letter—which, in all other respects, looks and feels like a real Rule 11 letter, going so far as to effect service through certified mail—so that he could avoid the safe harbor's prohibition against presenting any paper threatening sanctions to the Court. Put another way, Plaintiff's counsel sought technical compliance with the letter of Rule 11 while apprising the Court of what he regarded as sanctionable conduct without filing a motion.

In so doing, however, the Court finds that his conduct violated Rule 11(b). *See* Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment ("[T]he filing of a motion for sanction is itself subject to the requirements of the rule and can lead to sanctions."). Make no mistake about it: counsel's conduct shows he wanted to place before the Court what he considers the arguably sanctionable (mis)conduct of defense counsel. Had he truly desired to achieve his stated purpose of having the Court proceed to consider the pending motion to dismiss knowing Plaintiff contests the accuracy of certain statements or positions Defendants took, civil practice provides ample opportunity to do so—as counsel well knows. As just one example, counsel

could have included the substantive content of the Rule 11 letter (ECF No. 21-1) in his motion for leave to file a surreply or the surreply itself.

But the record shows, and the Court finds, that counsel wanted the Court to know precisely what the contents of that letter contain—namely, that in his view Defendants, their counsel, or both have acted before the Court in a manner worthy of sanctions. Whether they did or not, the Court does not know. But Plaintiff's counsel, emphatically, did *not* have a proper purpose in submitting the letter to the Court. Making matters worse, Plaintiff acted within the 21-day safe harbor. Even though that safe harbor does not technically apply to his filing, because he did not serve a motion for sanctions, counsel also evidenced his bad faith and lack of proper purpose by filing his letter with the Court before the 21-day period his own letter provided its recipients had lapsed.

For these reasons, the Court finds that Plaintiff's counsel, Mr. Pfouts, violated Rule 11(b)(1) by presenting to the Court his letter dated April 23, 2021 (ECF No. 21-1) for the improper purpose of harassing and threatening Defendants and their counsel and making *ad hominem* attacks against them before the Court. Because the Court finds a violation of Rule 11, it has no need to proceed to analyze whether to impose a sanction pursuant to its inherent power. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–45 (1991).

## SANCTION

Once the Court finds a violation of Rule 11, "the court has no discretion and must impose sanctions." *INVST Fin. Grp.*, 815 F.2d at 401. "A sanction imposed

under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct." Fed. R. Civ. P. 11(c)(4).  Based on the record, the Court has considered the minimum sanction necessary to deter repetition of the conduct at issue, in this case and others, as well as a range of potential alternative sanctions, including but not limited to nonmonetary directives or a reprimand.  As a sanction, the Court imposes a fine on counsel (which he may not pass on to his client) of $1,000.00, payable to the Court.

## CONCLUSION

For the foregoing reasons, the Court finds that Mr. Pfouts violated Rule 11. The Court **ORDERS** that he shall deliver, no later than 14 days from the date of this Order, a check (payable to:  Clerk, U.S. District Court) in the amount of $1,000.00 to: Clerk, U.S. District Court, N.D. Ohio, Attn:  Intake, 801 W. Superior Ave., Cleveland, OH 44113.  Further, the Court **ORDERS** that Mr. Pfouts may not pass this fine on to his client.  Within 30 days of the date of this Order, the Court **ORDERS** counsel to certify compliance with this Order.

**SO ORDERED.**

Dated:  May 24, 2021

J. Philip Calabrese
United States District Judge
Northern District of Ohio

8