# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| LAURA L. PATTERSON, | ) | Case No. 1:20-cv-566 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| SWAGELOK COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ERIC L. PATTERSON, | ) | Case No. 1:21-cv-470 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | |
| | ) | |
| UNITEDHEALTH GROUP, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

On January 9, 2026, the Court granted in part and denied in part Defendants'
motion to dismiss the amended complaint. (*Laura Patterson* ECF No. 72; *Eric
Patterson* ECF No. 91.)  The Court determined that Eric Patterson could proceed
against Optum and the United Healthcare Defendants under Section 1132(a)(3) for
claimed prohibited transactions and breaches of fiduciary duty on behalf of himself
and that Laura Patterson stated claims under State law for malicious prosecution,
abuse of process, and tortious interference.  (*Id.*)

On February 6, 2026, Plaintiffs timely filed a motion under Rule 54(b) and Rule 59(e) to alter or amend the judgment. (*Laura Patterson* ECF No. 76; *Eric Patterson* ECF No. 95.)  Under Section 9.M of its Civil Standing Order (available here on the Court's website), the Court limits any motion for reconsideration to two pages and will request briefing if it needs further explanation of the basis for the motion. Plaintiffs did not comply with this requirement.  The Court does so to minimize the burden associated with re-litigating matters, particularly in light of the high standard for reconsideration.  Plaintiffs' motion does not comply with the Court's Standing Order. That failure suffices to deny the motion.

In any event, the motion fails on its merits.  A court may alter or amend the judgment where there is a clear error of law, newly discovered evidence, or an intervening change in controlling law or to prevent manifest injustice.  *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Such relief constitutes an extraordinary remedy reserved for exceptional cases.  *Hines v. Commissioner of Soc. Sec.*, 414 F. Supp. 3d 1080, 1081 (S.D. Ohio 2019) (citations omitted).  It is not an opportunity to re-argue matters or "to raise arguments which could, and should, have been made before judgment issued."  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (quoting *Federal Deposit Ins. Corp. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).  Under this standard, Plaintiffs' motion fails for three reasons.

*First*, Laura Patterson lacks Article III standing to pursue her ERISA claims for the reasons explained in the Court's ruling.  Plaintiffs' arguments that the

2

monetary harm—attorneys' fees and costs, court fees and costs, and loss of use of settlement funds—that Mrs. Patterson suffered establish standing for ERISA in addition to her State-law claims miss the mark. The monetary harms Mrs. Patterson suffered do not turn on aspects of the ERISA Plan or its application, but on the primary conduct of Defendants in pursuing recovery—that is, malicious prosecution, abuse of process, and tortious interference. These claims arise from Defendants' non-fiduciary conduct. Indeed, she does not seek recovery of a benefit under the Plan and has not paid any money to Defendants in response to their reimbursement efforts. Instead, she requests relief for Defendants' actions following the entry of a valid State court judgment. Therefore, the monetary harms that established standing for Mrs. Patterson's State law claims do not also establish standing for an ERISA claim.

*Second*, to the extent that Plaintiffs rely on *CIGNA Corp. v. Amara*, 563 U.S. 421, 438–44 (2011), to argue that it was Defendants' wrongful ERISA conduct that resulted in monetary harm to Mrs. Patterson, such reliance is misplaced. Mrs. Patterson's monetary harm does not result from Defendants' wrongful ERISA conduct. Indeed, the claims are not claims about Mrs. Patterson's entitlement to benefits that "originate[] with the 'terms and conditions' of the Plan. *Patterson v. UnitedHealth Group, Inc.*, 161 F.4th 415, 424 (6th Cir. 2025).

*Third*, when it comes to Mrs. Patterson's standing to seek relief on behalf of the Plan, she suffers from the same flaw as Mr. Patterson. Previously, the Sixth Circuit determined that Mr. Patterson lacks standing to seek relief on behalf of the Plan. *Patterson v. United Healthcare Ins. Co.*, 76 F.4th 487, 494 (6th Cir. 2023). It

3

did so because the "claims lack[ed] necessary 'factual meat' on their bones" and it could have been that the "costs defendants incurred when seeking reimbursement [we]re assessed against plan assets on a direct basis" or that "defendants pursued those claims through fixed fees." *Id.* Ultimately, the Sixth Circuit concluded that Mr. Patterson's statements were "conclusory" and "raise[d] at most a 'conceivable' claim of plan injury." *Id.* In other words, the Sixth Circuit made clear that, without more, Mr. Patterson's claims for harm to the plan were at most conceivable and did not meet the requirements of Rule 8.

With respect to Mrs. Patterson's claims, Plaintiffs claim that paragraphs 30, 52, 56–57, 61, 67, 69, and 81 of the amended complaint make her claims about harm to the plan "no-longer merely 'conceivable.'" (*Laura Patterson* ECF No. 76-1, PageID #1881–82; *Eric Patterson* ECF No. 95-1, PageID #2491–92.) With two exceptions, however, these paragraphs detail Plaintiff's general complaints about Defendants' actions and conduct in relation to the alleged "S/R scheme." Such allegations are of a type with the merely "conceivable" claims the Sixth Circuit already passed on. As for the two exceptions, they do not work either. First, Plaintiff requests that the Court take judicial notice of previous State court cases (the Medina County case and Summit County case). But it is not clear from the motion or the amended complaint what specifically Plaintiffs request the Court to notice or whether the Court even has access to that information. Second, paragraph 81 of the amended complaint does not add the necessary "factual meat" to make Mrs. Patterson's claims more than conceivable. Indeed, the current state of the record and the amended complaint

suffers from the same flaws recognized by the Sixth Circuit decision with respect to Mr. Patterson's claims on behalf of the plan.  Therefore, without more, reconsideration of Mrs. Patterson's standing for her ERISA claims is not appropriate.

For these reasons, the Court sees no clear error of law in its dismissal of Laura Patterson's ERISA claims.  There has been no intervening change in the law or newly discovered evidence.  Therefore, the Court **DENIES** Plaintiffs' motion for reconsideration (*Laura Patterson* ECF No. 76; *Eric Patterson* ECF No. 95).

**SO ORDERED.**

Dated:  February 11, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio