**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAURA L. PATTERSON,<br><br>Plaintiff,<br><br>v.<br><br>SWAGELOK COMPANY, *et al.*,<br><br>Defendants. | ) | Case No. 1:20-cv-566<br><br>Judge J. Philip Calabrese<br><br>Magistrate Judge<br>Jonathan D. Greenberg |

---

| | | |
|---|---|---|
| ERIC L. PATTERSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTH GROUP, INC., *et al.*,<br><br>Defendants. | ) | Case No. 1:21-cv-470<br><br>Judge J. Philip Calabrese |

## **OPINION AND ORDER**

On July 27, 2026, the Court overruled Defendants' objections to a single interrogatory seeking information relating to persons similarly situated to Plaintiffs Eric and Laura Patterson. (*Laura Patterson* ECF No. 99; *Eric Patterson* ECF No. 118.) That ruling, which resolved the parties' long-running discovery dispute, followed the Court's Opinion and Order dated January 9, 2026, granting in part and denying in part Defendants' motion to dismiss. (*Laura Patterson* ECF No. 72; *Eric Patterson* ECF No. 91.) In ruling on the motion to dismiss, the Court addressed at length the standing of each Plaintiff (*Laura Patterson* ECF No. 72, PageID #1777–90;

*Eric Patterson* ECF No. 91, PageID #2393–400) and provided guidance intended to resolve this discovery dispute without further involvement of the Court (*Laura Patterson* ECF No. 72, PageID #1788–89; *Eric Patterson* ECF No. 91, PageID #2398–2400). After the Court overruled Defendants' objections on July 27, 2026, they sought reconsideration of that ruling (*Laura Patterson* ECF No. 104; *Eric Patterson* ECF No. 123), which the Court denied on August 24, 2026 (*Laura Patterson* ECF No. 109; *Eric Patterson* ECF No. 128).

Now, Defendants seek to certify for interlocutory review the Court's Order dated August 24, 2026, denying Defendants' motion for reconsideration. (*See Laura Patterson* ECF No. 116; *Eric Patterson* ECF No. 136.) To try to side step the obvious deficiencies with appealing a discovery ruling, Defendants seek to frame the Court's Order as one of standing. But their attempt to recharacterize the issue at hand ignores several Orders where the Court expressly addressed the standing of each Plaintiff and the discoverability of the information at issue. Despite their best efforts, Defendants' attempt to elevate a routine discovery dispute into a matter of standing potentially worthy of interlocutory review falls short.

## PROCEDURAL BACKGROUND

Because the Court has explained in several prior rulings at length the factual and procedural background of the discovery dispute occasioning this motion to certify for interlocutory review, the Court will not do so again. However, the Court feels constrained to address several misstatements of the record that Defendants make. For example:

- Defendants maintain that "[t]he Court already held earlier this year when deciding the motion to dismiss the FACC that, based on the law-of-the-case doctrine, Eric Patterson is not 'entitled to broader relief' than the $25,000 reimbursed to the Plan out of his third-party settlement and cannot 'maintain claims on behalf of the Plan.'" (*Laura Patterson* ECF No. 116, PageID #3643; *Eric Patterson* ECF No. 136, PageID #4256.)

While the Court ruled that Eric Patterson could not maintain claims on behalf of the plan, it expressly considered whether he might be able to maintain his ERISA claims on behalf of a class (those with similar alleged injuries who satisfy the requirements of Rule 23) and concluded that the Sixth Circuit in *Patterson I* had no occasion to consider that question. But the ruling at issue does not raise even that question. Instead, it concerns only the discoverability of information regarding others who might have similar claims. Such information is generally and routinely discoverable. Whether it is admissible is another matter, as is whether such information may support claims on behalf of a class. In any event, the discovery sought and ordered does not bear on standing.

- Defendants try to read the Court's Order of January 9, 2026 as holding that Mr. Patterson does not have standing to maintain his ERISA claims on behalf of a class. (*See Laura Patterson* ECF No. 116, PageID #3644; *Eric Patterson* ECF No. 136, PageID #4257.) It did no such thing. On remand, the Court said that it "will not reconsider Mr. Patterson's standing to maintain a claim on behalf of the Plan or to any other claim." (*Laura Patterson* ECF No. 72, PageID #1787; *Eric Patterson* ECF

No. 91, PageID #2398.) Standing and the ability to bring a claim on behalf of a class are two separate things, as the Court previously pointed out. (*See Laura Patterson* ECF No. 109, PageID #3414; *Eric Patterson* ECF No. 128, PageID #4024.)

The Court could go on. But this much suffices to show that Defendants continue to confuse the claims that Mr. Patterson may bring under ERISA against the plan on his behalf and on behalf of other beneficiaries and whether he may maintain his ERISA claims on behalf of a class of those who might have suffered a similar alleged injury. The Court ruled that Plaintiffs may not pursue the former. The latter depends on further proceedings and discovery yet to be had. For the moment, what matters is that the discovery sought is proper because Plaintiff's amended complaint withstood a motion to dismiss, which the Sixth Circuit noted is a necessary prerequisite for the potential to maintain a claim on behalf of a class. *See Patterson v. United Healthcare Ins. Co.*, 76 F.4th 487, 500 (6th Cir. 2023). At this stage of the proceedings, the amended complaint makes the discovery proper, and the discovery sought might or might not support claims on behalf of a class. Any such determination is for another day.

Two last points.

*First*, Defendants put their cards on the table and show the real issue they have. They want to bring a motion for sanctions against Plaintiffs. (*See Laura Patterson* ECF No. 116, PageID #3645 & n.3; *Eric Patterson* ECF No. 136, PageID #4258 & n.3.) Throughout this case, the Court has made clear that it will resolve the parties' respective claims and defenses on their merits—not through collateral

litigation about attorney conduct and motions for sanctions, which each side has brought or desired to bring. Despite the efforts of the parties to litigate their long-simmering complaints about one another, the Court has worked hard to keep this litigation on track on the merits and will continue to do so. After the case is resolved on the merits by whatever means, the day may come when the Court entertains motions for sanctions. Frankly, if Defendants' position is that they intend to deny the existence of similarly situated individuals in discovery, notwithstanding the fact that such persons appear to exist, such conduct might merit a motion for sanctions. But it does not merit interlocutory review.

*Second*, in their motion, Defendants invoke the policies behind an appeal under Rule 23(f) as supporting their request for interlocutory review. But they do so without taking the procedural step necessary to avail themselves of that appeal—proceeding through class certification proceedings. Indeed, Defendants have done everything in their power to delay and avoid such proceedings.

At bottom, the factual and procedural background leading up to this motion shows that Defendants continue to confuse Plaintiff Eric Patterson's ability to maintain a claim on behalf of the plan with standing for his own alleged damages (which he unquestionably has). As to their own claims, Eric and Laura Patterson might be able to maintain those on behalf of a class if there are similarly situated individuals and if Plaintiffs can survive the rigorous analysis that Rule 23 requires.

## ANALYSIS

A district court may certify an order for interlocutory appeal under 28 U.S.C. § 1292(b). *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 36 (1995). Certification under that statute is granted sparingly and only in exceptional cases. *Kraus v. Board of Cnty. Rd. Comm'rs for Kent Cnty.*, 364 F.2d 919, 922 (6th Cir. 1966). Certification is appropriate where (1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion exists regarding the correctness of the decision; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *West Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis (In re City of Memphis)*, 293 F.3d 345, 350 (6th Cir. 2002) (citing 28 U.S.C. § 1292(b) and *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974)).

According to Defendants, this is an exceptional case that satisfies each of these elements. To the contrary, the Order Defendants seek to appeal is a run-of-the-mill discovery ruling. Nothing more, nothing less. It does not merit the amount of attention the parties have given it in this litigation, let alone appellate review.

### I. Controlling Question of Law

First, the parties dispute whether the Court's Opinion and Order involves a controlling question of law. (*Compare Laura Patterson* ECF No. 116, PageID #3647; *Eric Patterson* ECF No. 136, PageID #4260, *with Laura Patterson* ECF No. 118, PageID #3675; *Eric Patterson* ECF No. 138, PageID #4288.) Embedded in this element are two requirements: (1) the order must present a question of law, and (2) it must be controlling. *United States ex rel. Elliott v. Brickman Grp. Ltd., LLC*, 845

F. Supp. 2d 858, 865 (S.D. Ohio 2012) (collecting cases). "A legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 351 (citing *In re Baker & Getty Fin. Servs., Inc. v. National Union Fire Ins. Co.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992)). "The resolution of an issue need not necessarily terminate an action or 'have precedential value for a number of pending cases' to be 'controlling.'" *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992) (citation omitted).

To meet this requirement, Defendants point to Article III Standing. (*See Laura Patterson* ECF No. 116, PageID #3647; *Eric Patterson* ECF No. 136, PageID #4260.) But the Sixth Circuit already determined that Eric Patterson has standing to maintain his claims under ERISA. *Patterson*, 76 F.4th at 493. At this point, the controlling question is not standing but whether the allegations of the amended complaint entitle Plaintiffs to discovery regarding any similarly situated persons. Nothing about the discoverability of that information presents a controlling question of law.

## II. Material Advancement of the Termination of Litigation

Even if this case satisfies the first element of Section 1292(b), interlocutory appeal would not materially advance the termination of this litigation. In assessing this element, courts generally consider whether interlocutory appeal will "save substantial judicial resources and litigant expense." *West Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1026 (W.D. Tenn. 2000); *see also Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 878 (E.D. Mich. 2012). "When litigation will be conducted in substantially the same

manner regardless of [the court's] decision," this element is not met. *In re City of Memphis*, 293 F.3d at 351 (citation omitted).

In this case, with or without class proceedings, the parties must still pass through discovery, dispositive motions, and trial to reach a resolution. Those proceedings will require considerable judicial resources, which the discoverability of the information at issue will not materially affect. This is not a case where the Court's interlocutory ruling sufficiently disposes of enough of the dispute to warrant interlocutory review. Nor is there any reason to believe, in light of the heated proceedings between the parties that have spanned more than a decade, that an appellate ruling on this discovery dispute will in any way advance the end of this litigation, let alone do so materially. Accordingly, the Court determines that Defendants also fail to satisfy 28 U.S.C. § 1292(b)'s third element.

In any event, Defendants only seek interlocutory review of the Court's Order dated August 24, 2026, denying Defendants' motion for reconsideration. They do not seek to appeal the Court's original discovery ruling (and appeal of a motion for reconsideration does not bring up the underlying order) or the Court's determination of the scope of the proceedings on remand in its January 9, 2026 ruling on the motion to dismiss.

## CONCLUSION

The Court has no issue with interlocutory appeals generally or with certifying matters for interlocutory appeal under Section 1292(b) in particular. Doing so will help provide appellate guidance in cases and on issues that might otherwise evade

review. In this case, however, Defendants' motion fails to meet the standard for certifying an interlocutory appeal. And the question is not even close.

For all these reasons, the Court **DENIES** Defendants' motion and declines to certify its Opinion and Order dated August 24, 2026, for immediate appeal under Section 1292(b).

**SO ORDERED.**

Dated: October 20, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio